IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAR COOK : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 06-2410 |
| UPPER DARBY TOWNSHIP and : | |
| POLICE OFFICER F. GUILLE : | |

**SURRICK, J.**                                                                                             **JULY ___, 2006**

<u>**MEMORANDUM & ORDER**</u>

Presently before the Court is Defendants Upper Darby Township and Police Officer F. Guille's Motion For Partial Dismissal Of Plaintiff's Complaint (Doc. No. 4). For the following reasons, Defendants' Motion will be granted in part and denied in part.

**I.    BACKGROUND**

Plaintiff Jamar Cook is a twenty-six-year-old, African American male employed as a high school teacher. (Doc. No. 1 ¶¶ 6, 8.) This case arises out of incidents that occurred on November 25, 2005 at around 3:00 p.m. Plaintiff alleges that at that time, he was walking in the vicinity of 69th and Market Streets in Upper Darby Township, Pennsylvania. He was approached by Police Officer F. Guille and other officers of the Upper Darby Police Department. Defendant Guille ordered Plaintiff to stop, after which Guille placed Plaintiff against a wall and handcuffed him. (*Id.* ¶ 7.) Plaintiff was arrested and transported to the Upper Darby Police Station. Upon being placed in a cell, Plaintiff asked to file a complaint against the officers involved in his arrest. (*Id.* ¶¶ 10-11.) After a few hours of detention, Plaintiff was released. He received no explanation as to why he had been arrested, handcuffed, or incarcerated. (*Id.* ¶ 12.)

Plaintiff's Complaint sets forth two causes of action. Plaintiff alleges that Upper Darby Township has a "policy custom and practice" that permits or encourages unlawful arrest,

unlawful detention, use of excessive force, and the deprivation of constitutional rights, including the right to be free from unlawful seizure, detention, or arrest, the right to be free from cruel and unusual punishment, and the right to freedom from deprivation of life, liberty, and property without due process of law.  (*Id.* ¶ 18.)  Plaintiff repeats these same charges as to Officer Guille and adds allegations of battery and false imprisonment.  (*Id.* ¶¶ 23-24.)

II. DISCUSSION

    A. Plaintiff's Eighth Amendment Claim

Defendant seeks dismissal of Plaintiff's claim for cruel and unusual punishment in violation of the Eighth Amendment.  (Doc. No. 4.)  Plaintiff agrees that the protection of the Eighth Amendment extends only to individuals who have been convicted of a crime.  (Doc. No. 5 at 2; *see Hubbard v. Taylor*, 399 F.3d 150, 164 (3d Cir. 2004) (citing *Whitley v. Albers*, 475 U.S. 312, 318 (1986); *Graham v. Connor*, 490 U.S. 386, 392 n.2 (1989)).)  Nevertheless, Plaintiff argues that "the Fourteenth Amendment protection of Procedural Due Process essentially confers the same rights on Plaintiff."  (Doc. No. 5.)  Since Plaintiff's Complaint makes it clear that he was merely arrested and detained, not charged and convicted of a crime, Defendant's Motion will be granted as to Plaintiff's Eighth Amendment Claim.

    B. Plaintiff's Due Process Claim

Defendant also seeks dismissal of Plaintiff's claim that his due process rights were violated during his arrest and detention.  (Doc. No. 4.)  Defendant argues that because Plaintiff's allegations of unlawful seizure and excessive force are governed by the Fourth Amendment, he does not have a viable due process claim.  (*Id.*)  The Supreme Court has rejected claims that wrongful arrest and use of excessive force constitute substantive due process violations, finding

instead that the Fourth Amendment is the constitutional provision relevant to such allegations. *See Albright v. Oliver*, 510 U.S. 266, 274 (1994) (Fourth Amendment, not Fourteenth, governs claims of wrongful arrest); *Graham v. Connor*, 490 U.S. 386, 395 (1989) (same, with respect to claims of excessive force).

Plaintiff argues that he is not attempting to raise a substantive due process claim, but rather is alleging a violation of his *procedural* due process rights. (Doc. No. 5 at 3.) We observe that Plaintiff's factual allegations do not appear to support a procedural due process claim. Rather, they relate to his claims of arrest and detention without probable cause and excessive force. As mentioned above, allegations like these normally "fall under the exclusive province of the Fourth Amendment." *Johnson v. Knorr*, Civ. A. No. 01-3418, at *11 (E.D. Pa. Oct. 31, 2005). Moreover, the reasoning of *Albright*, which precludes such claims from being brought under substantive due process, has been extended by some courts to include procedural due process as well. *Robinson v. Clemons*, 987 F. Supp. 280, 285 (D. Del. 1998) (citing *Pino v. Higgs*, 75 F.3d 1461, 1469 (10th Cir. 1996)), *aff'd* 193 F.3d 514 (3d Cir. 1999); *see also Moyer v. Borough of N. Wales*, Civ. A. No. 00-1092, 2000 U.S. Dist. LEXIS 16082, at *10 (E.D. Pa. Nov. 7, 2000) ("Similarly, the procedural due process prong of the Fourteenth Amendment does not support a cause of action for false arrest.").

In any event, in deciding this Motion we must determine whether relief could be granted on any set of facts which could be proven. *Colburn v. Upper Darby Twp.*, 838 F. 2d 663, 665-66 (3d Cir. 1988). The Motion can be granted only if we find that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Reading

Plaintiff's Complaint in the light most favorable to Plaintiff as me must, we cannot say definitively at this juncture that Plaintiff can present no set of facts that would support a procedural due process claim.   Under the circumstances, we will not preclude Plaintiff from asserting this claim based upon the events of November 25, 2005.  Accordingly, Defendants' Motion will be denied as to Plaintiff's procedural due process claim.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMAR COOK | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 06-2410 |
| UPPER DARBY TOWNSHIP and | : | |
| POLICE OFFICER F. GUILLE | : | |

**ORDER**

AND NOW, this 27th day of July, 2006, upon consideration of Defendants Upper Darby Township and Police Officer F. Guille's Motion For Partial Dismissal Of Plaintiff's Complaint (Doc. No. 4), it is ORDERED as follows:

1. Plaintiff's Eighth Amendment claim is DISMISSED.

2. Plaintiff's Fourteenth Amendment substantive due process claim is DISMISSED.

3. In all other respects Defendants' Motion is DENIED.

IT IS SO ORDERED.

BY THE COURT:

/s R BARCLAY

_____
R. Barclay Surrick, Judge